UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARIBBEAN PETROLEUM REFINING, LP, <br><br> Plaintiff, <br><br> v. <br><br> BARGE SAN JUAN, et al., <br><br> Defendants. <br> _____ <br><br> LOGAN DIVING, INC., <br><br> Defendant and <br> Third-Party Plaintiff, <br><br> v. <br><br> CONTROLLED DEMOLITION & <br> RECYCLING CORP., et al., <br><br> Third-Party Defendants. | Civil No. 06-2129(JAF) |

**O R D E R**

On November 9, 2006, Plaintiff Caribbean Petroleum Refining, LP ("CPR"), brought this action against Defendants Barge San Juan ("the Barge"), Logan Diving, Inc. ("Logan"), ABC Company, Richard Roe's Marine Company ("Richard Roe's"), St. Paul Travelers/St. Paul Fire & Marine Insurance Co. ("St. Paul's"), ABC Insurance Company, and XYZ Insurance Company, seeking damages resulting from a November 10, 2005, accident during which the Barge tipped, causing a crane to strike CPR's dock. Docket No. 1. On December 21, 2007, Logan filed a

Civil No. 06-2129 (JAF)                                               -2-

third-party complaint seeking indemnity from Third-Party Defendants Del Valle Group ("Del Valle") and Controlled Demolition and Recycling Corp. ("Controlled Demolition"). Docket No. 20. On April 3, 2008, Del Valle moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), stating that Del Valle and Logan had a contract by which Logan agreed to insure Del Valle for any accidents. Docket No. 34-1. Del Valle attached a certificate of liability insurance purporting to prove that it could not be held liable for any damages caused by Logan. Docket No. 34-2. Logan opposed on April 16, 2008. Docket No. 37.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted. We note that in order to survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl. Corp. v. Twombly, __ U.S. __ , 127 S. Ct. 1955, 1967 (2007)).

Civil No. 06-2129 (JAF)                                          -3-

Under Rule 12(b)(6), we may consider only facts or documents that are incorporated into or attached as exhibits to the complaint. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). If we choose to consider material outside of the pleadings, we must convert the motion to a motion for summary judgment and consider the motion under the standards applicable to Rule 56. Id.

Here, by submitting the insurance contract, Del Valle attempts to place before the court matters not incorporated into the third-party complaint. Because the parties have not fully briefed the issues relating to the content and authenticity of the insurance contract, we decline to convert Del Valle's motion into a motion for summary judgment. Del Valle may, of course, raise the same issue in a motion for summary judgment.

Accordingly, we hereby **DENY** Del Valle's motion to dismiss, Docket No. 34.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of December, 2008.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge